D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-10398-MW |
| MELISSA SHORES, | Chapter 7 |
| Debtor. | TRUSTEE'S MOTION TO APPROVE COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF |

Hearing
Date: January 10, 2022
Time: 2:00 p.m.
Crtm: 6C
Location: 411 West Fourth Street,
Santa Ana, CA 92701-4593

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

TRUSTEE'S MOTION TO APPROVE COMPROMISE

# TABLE OF CONTENTS

1.  Summary of Motion ................................................................................................1

2.  Statement of Facts .................................................................................................2

    A.  Procedural Background ................................................................................2

    B.  The Trustee's valuation of the Property and subsequent analysis .................3

    C.  Summary of Agreement ...............................................................................4

3.  Legal Discussion ....................................................................................................5

    A.  Legal Authority to Approve Sale .................................................................5

        i.  Sound Business Justification.............................................................6

        ii.  Accurate and Reasonable Notice ......................................................7

        iii.  Adequate Price .................................................................................7

        iv.  Good Faith .......................................................................................7

4.  Approval of Compromise Legal Authority ..............................................................8

    A.  Analysis Under the A&C Factors .................................................................9

5.  Waiver of the 14 Day Period for Effectiveness of Sale Order................................10

6.  Conclusion ..........................................................................................................11

TRUSTEE'S MOTION TO APPROVE COMPROMISE

4888-4845-1331-1015-143

1

2

**TABLE OF AUTHORITIES**

3

4

**Cases**

5

*ATKN Company v. Guy F. Atkinson Company of California,*

242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ...................................................................... 8

6

FRBP 9019; a ...................................................................................................................... 11

7

*In re A&C Properties,*

784 F.2d 1377, 1380-81 (9th Cir. 1986)........................................................................ 8

8

9

*In re Heissinger Resources, Ltd.,*

67 B.R. 378, 383 (C.D. Ill. 1986) .................................................................................... 8

10

11

*In re Hermitage Inn, Inc.,*

66 B.R. 71, 72 (Bankr. D. Colo. 1986)........................................................................... 8

12

13

*In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.,*

77 B.R. 15, 17 (Bankr. E.D. Pa. 1987) .......................................................................... 7

14

15

*In re Industrial Valley Refrig. & Air Cond. Supplies, Inc.,*

 77 B.R. 15, 21 (Bankr. E.D.Pa. 1987) .......................................................................... 6

16

17

*In re Walter,*

83 B.R. 14 (B.A.P. 9th Cir.1988) ................................................................................... 6

18

19

*In re Wilde Horse Enterprises, Inc.,*

136 B.R. 830, 842 (Bankr. C.D. Cal. 1991) ................................................................. 7

20

21

Martin v. Robinson,

479 U.S. 854, 107 S.Ct. 189 (1989) ............................................................................... 8

22

23

*Schmitt v. Ulrich (In re Schmitt),*

215 B.R. 417, 424 (B.A.P. 9th Cir. 1997) ................................................................... 8

24

25

*Walter, supra,* at 19-20 *quoting, In re Continental Air Lines, Inc.,*

780 F.2d 1223 (5th Cir. 1986) ....................................................................................... 6

26

27

28

ii

**Rules**

FRBP 6004(h) .............................................................................................................. 10

FRBP, Rule 9019(a) ....................................................................................................... 8

Rule 6004(h) of the Federal Rules of Bankruptcy Procedure ........................................ 10

TRUSTEE'S MOTION TO APPROVE COMPROMISE

4888-4845-1331-1015-143

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE

OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy

Estate ("Estate") of Melissa Shores ("Debtor"), brings this motion ("Motion") for entry of an order

approving a compromise ("Agreement")[1] reached with and co-owner of property located at 9816

Bradwell Avenue, Santa Fe Springs, California 90670 ("Property"), Joe Ortiz ("Defendant" and/or

"Mr. Ortiz"), (collectively, "Plaintiff and/or "Trustee" and "Defendant" and/or "Mr. Ortiz" are

referred to as the "Parties"), Plaintiff and Defendant may also be referred to herein individually as a

"Party." In support of the Motion, Trustee respectfully represents as follows:

## 1.    Summary of Motion

A trustee's fiduciary duty includes liquidating all assets of the Estate for the benefit of

creditors. Moreover, a bankruptcy court can approve reasonable settlements and compromises of

claims. In this case, there is sufficient equity in the Property (as defined above) that can be realized

by Trustee for the benefit of creditors. However, a sale to a third party, considering costs of

administration - including litigation costs associated with a pending Complaint (as defined below)

concerning co-ownership of the Property and brokerage commissions and costs of sale - would likely

result in a benefit to creditors of approximately $57,000.

Instead, Trustee has reached an agreement with co-owner Mr. Ortiz which (i) allows Mr.

Ortiz to remain in his home in the midst of this pandemic time; (ii) avoids payment of brokerage

commissions and costs of sale; (iii) avoids increased administrative costs; and (iv) delays associated

with administration; and (v) avoids the risk of an adverse judgment where no distribution would be

made to creditors. Simply put, Trustee has negotiated the proposed compromise with Mr. Ortiz to

sell the Estate's interest in the Property to Mr. Ortiz for $67,500.

Further there is a dispute between Mr. Ortiz and the Trustee as it relates to the Estate's

interest in the Property. As set forth in the Complaint, it is the Estate's position that because the (a)

---

[1] A copy of the Agreement is attached to the Declaration of Richard A. Marshack ("Marshack Declaration")
as **Exhibit 1**.

TRUSTEE'S MOTION TO APPROVE COMPROMISE
4888-4845-1331-1015-143

Property is co-owned by Debtor and Mr. Ortiz, (b) partition in kind of the Property among the co-owners is impracticable; (c) sale of the Estate's interest would realize significantly less for the Estate than a sale of the Property free and clear of the interests of Mr. Ortiz and any other alleged co-owner; and (d) the Property is not used in the production, transmission, or distribution, for sale, or electric energy or of natural or synthetic gas for heat, light, or power, that the Property may be sold – pursuant to 11 U.S.C. §363(h) - for the benefit of Debtor's creditors. Mr. Ortiz disputes the Estate's position. Specifically, it is Mr. Ortiz's position that: (a) he owned the Property seven years prior to meeting Debtor; (b) Debtor was added on title solely for refinance purposes in March 2017; (c) at the time of the re-finance Debtor was given $20,000 to pay off her debts from these funds; (d) Debtor moved out in 2019; and (e) Mr. Ortiz continued to pay the mortgage, property tax, insurance and upkeep. Based on these facts, Mr. Ortiz asserts Debtor - and by extension the Estate – does not hold any beneficial interest in the Property. In order to avoid further litigation and increased administrative costs, Trustee and Mr. Ortiz have entered into the Agreement which Trustee submits is in the best interest of the Estate, as it ensures a meaningful distribution to unsecured creditors. This Court must decide whether to approve the Agreement.

## 2.    Statement of Facts

### A. Procedural Background

On or about March 31, 2017, Debtor and Mr. Ortiz each acquired an undivided interest in certain real property located at 9816 Bradwell Avenue, Santa Fe Springs, California 90670 ("Property"). Title to the Property was/is held in the name of Debtor and Mr. Ortiz as joint tenants pursuant to a Grant Deed recorded on April 17, 2017, in the Los Angeles County Recorder's Office as instrument no. 20170415708 ("Grant Deed").  A true and correct copy of the Grant Deed is attached to the Declaration of Richard A. Marshack ("Marshack Dec.")

On February 17, 2021, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 the United States Code, commencing Case No. 8:21-bk-10398-MW.

As set forth in Debtor's Amended Schedule C, she has claimed an exemption in the Property in the amount of $12,620.44 pursuant to C.C.P. § 703.140(b)(5). *See*, Dk. No. 28.

1   As set forth in Debtor's Schedule D, the Property is subject to a deed of trust held by Wells

2 Fargo Home Mortgage securing a claim in the amount of $320,392.51.

3   After consultations with his agents, Trustee believed the Property was worth at least

4 $575,000-$600,000.

5   Based on the above facts, Trustee believed there was equity in the Property that could be

6 administrated for the benefit of unsecured creditors.

7   Accordingly, on June 9, 2021, Trustee filed a Complaint against Defendant and other

8 interested parties for: (1) Sale of Co-Owned Real Property [11 U.S.C. § 363(H)]; and (2) Turnover

9 of Real Property [11 U.S.C. § 542(a)] ("Complaint").

10   On June 10, 2021, Mr. Ortiz along with other interested parties were served with the

11 Complaint.

12   **B. The Trustee's valuation of the Property and subsequent analysis**

13   Trustee believes that the fair market value of the Property is between $575,000-$600,000.

14 Given the equity in the Property, as noted in the chart below, the Trustee believes that liquidation of

15 the Property would generate a distribution to the Estate's creditors.

| | |
|---|---|
| Property Value | $587,500[2] |
| Mortgage | $341,433.99[3] |
| Claimed Exemption | $12,620.44 |
| Cost of Sale (8%) | $47,000 |
| **Equity in Property** | **$186,445.57** |
| Trustee's Compensation under §326 | $31,993.95 |
| Estimated Accountant's Fees | $5,000 |
| Estimated Attorneys' Fees (including prosecution of Complaint) | $35,000 |
| Net To Be Split Between Mr. Ortiz and Estate | $114,451.62 |
| Net To Creditors of the Estate | $57,225.81 |

---

[2] Using average between $575,000 and $600,00 estimated FMV.
[3] Amount is as of June 2021 with daily interest accruing at $40.6000 a day.

3

1    Subject to Court approval, Mr. Ortiz has offered to purchase the Estate's interest in the

2  Property for a lump sum payment of $67,500 ("Purchase Price"). Under the Agreement, the Trustee

3  increases the proceeds to the Estate from a sale of the Property by minimizing the fees and costs

4  associated with liquidating the Property, avoids further accrual of interests on the Mortgage pending

5  sale efforts, avoids continued litigation of the Complaint and a potential adverse judgment which

6  would result in no recovery, and avoids delay in the administration of the Estate. *See* Marshack

7  Decl., ¶14.  As such, the Purchase Price is in the best interest of the Estate and will maximize the

8  value of the equity in the Property for the benefit of creditors. *Id*., ¶17.

9    **C. Summary of Agreement**

10    THIS IS A SUMMARY ONLY AND DOES NOT CONSTITUTE PART OF AN

11  AGREEMENT BETWEEEN THE PARTIES. THE SALE TO THE DEBTOR WILL BE IN

12  ACCORDANCE WITH THE TERMS OF THE AGREEMENT. The key terms of the Agreement

13  are summarized as follows:

14    2.1    Approval of Agreement. This Agreement is subject to the approval of

15    the United States Bankruptcy Court for the Central District of California (Santa Ana

16    Division) ("Bankruptcy Court") in the Bankruptcy Case, and the Bankruptcy Court

17    authorizing the Trustee to take any and all actions necessary hereunder. The Parties

18    agree to cooperate and make all reasonable efforts to obtain Bankruptcy Court

19    approval. Within ten (10) court days of the Effective Date, the Trustee shall move the

20    Bankruptcy Court for approval of this Agreement pursuant to FRBP 9019

21    ("Compromise Motion").

22    2.2    Settlement Payment. As consideration specified in this Agreement,

23    Trustee and Defendant have agreed to settle the disputes between for a total amount

24    of $67,500 ("Settlement Amount"). Specifically, Trustee seeks to sell and Mr. Ortiz

25    seeks to purchase the Estate's interest in the Property which will resolve the

26    Complaint that seeks turnover of the Property for sale. Payment of the Settlement

27    Amount shall be made payable to the Trustee in the form of a check or cashier's

28

4

TRUSTEE'S MOTION TO APPROVE COMPROMISE

4888-4845-1331-1015-143

check payable to "Richard A. Marshack, Chapter 7 Trustee for the Bankruptcy Estate of Melissa Shores." Trustee is informed that the source of the Settlement Amount is a loan secured by the Property (i.e. potential refinance). As such, this Agreement is contingent upon the loan funding the Settlement Amount to the Trustee for which an escrow will be opened. This Agreement shall have no effect if the Settlement Amount is not paid to the Trustee.

2.3    <u>Costs of Sale</u>. Mr Ortiz shall be responsible for any and all recording costs and documentary transfer tax. The Estate shall be responsible for any income tax and capital gain tax incurred because of the sale. Each Party shall bear their own attorneys' fees and costs;

2.4    <u>Execution of Additional Documents</u>. The Parties agree that they will execute any and all further and additional documents and take all further and additional steps, which may be necessary or convenient to consummate the terms of this Agreement and accomplish the purposes thereof, including but not limited to executing any documents necessary to facilitate a re-finance of the Property;

2.5    <u>Transfer of Title</u>. Trustee shall deliver, in trust, to escrow a quitclaim deed ("Deed") which conveys to Mr. Ortiz all of the Estate's right, title, and interest in the Property. Upon Trustee's timely receipt of the full Purchase Price, the Deed shall be recorded. Title shall not pass unless and until the full Settlement Price is timely received by the Trustee, and Mr. Ortiz is not otherwise in default of.

*See* Marshack Decl., Ex. 1, pg. 16.

## 3.    Legal Discussion

### A. Legal Authority to Approve Sale

A Trustee is empowered to sell assets of the estate "after notice and a hearing." *See* 11 U.S.C. § 363. The standards for approval of a sale pursuant to § 363(b)(1) require that the proponent of the sale establish that: (1) a "sound business purpose justifies the sale;" (2) "accurate and reasonable notice" of the sale was provided; (3) the "price to be paid is adequate, *i.e.*, fair and

TRUSTEE'S MOTION TO APPROVE COMPROMISE

1  reasonable"; and (4) "good faith, *i.e.*, the absence of any lucrative deals with insiders, is present."

2  *See In re Industrial Valley Refrig. & Air Cond. Supplies, Inc.,* 77 B.R. 15, 21 (Bankr. E.D.Pa. 1987).

3  The Trustee's proposed sale of the equity in the Property conforms with each of these requirements.

4      **i.  Sound Business Justification**

5      The Ninth Circuit in *In re Walter,* 83 B.R. 14 (B.A.P. 9th Cir.1988) has adopted a flexible,

6  case by case test to determine whether the business purpose for a proposed sale justifies disposition

7  of property of the estate under §363(b). The Court in *In re Continental Airlines, Inc.* explained the

8  *Walter* test:

> Whether the proffered business justification is sufficient depends on the case. As the
> Second Circuit held in *Lionel*, the bankruptcy judge should consider all salient factors
> pertaining to the proceeding and, accordingly, act to further the diverse interests of
> the debtor, creditors and equity holders, alike. He might, for example, look to such
> relevant factors as the proportionate value of the assets to the estate as a whole, the
> amount of lapsed time since the filing, the likelihood that a plan of reorganization will
> be proposed and confirmed in the near future, the effect of the proposed disposition
> on future plans of reorganization, the proceeds to be obtained from the disposition
> vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease
> the proposal envisions and, most importantly perhaps, whether the asset is increasing
> or decreasing in value. This list is not intended to be exclusive, but merely to provide
> guidance to the bankruptcy judge.

16  *Walter, supra,* at 19-20 *quoting, In re Continental Air Lines, Inc.,* 780 F.2d 1223 (5th Cir. 1986).

17      In this case, the facts surrounding the sale support the Trustee's business decision to sell the

18  equity in the Property. The equity sale will net $67,500, which is sufficient to pay all allowed

19  administrative expenses and to make a meaningful distribution to unsecured creditors. *See* Marshack

20  Decl., ¶15. The proposed sale of the Estate's interest in the equity in the Property through the

21  Agreement is a sound business decision because it minimizes the fees and costs associated with

22  liquidating the Property, avoids further accrual of interests on the Mortgage pending sale efforts and

23  delay in the administration of the Estate, avoids continued prosecution of the Complaint, and will

24  generate significant cash proceeds for the Estate. *Id.*, ¶16. For the foregoing reasons, the Trustee, in

25  his business judgment, believes the proposed Agreement is in the best interests of the Estate and

26  unsecured creditors. *Id.*, ¶17.

27

28

TRUSTEE'S MOTION TO APPROVE COMPROMISE
4888-4845-1331-1015-143

### ii. Accurate and Reasonable Notice

The Trustee must give notice of any sale of property of the Estate. 11 U.S.C. § 363(b)(1). In the instant matter, the Trustee will give notice to all known creditors, all parties to leases, and any other prospective buyers. The Trustee respectfully suggests that the service of the Motion is appropriate and constitutes adequate and reasonable notice of the sale of the Property and the Agreement.

### iii. Adequate Price

The Purchase Price is designed to maximize the value of the Estate's interest in the Property while minimizing expenses. *See* Marshack Decl., ¶¶19, 22. The Trustee believes that the Purchase Price is sufficient to make meaningful pro rata distributions to general unsecured creditors and, at the same time, minimizes the fees and costs associated with liquidation of the Property. ¶18. Based on the estimated value of the Estate's interest in the Property, and the above, the Trustee believes that the Purchase Price for the Estate's interest in the Property is fair and reasonable. *Id.*

### iv. Good Faith

"Good faith encompasses fair value, and further speaks to the integrity of the transaction." *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991) (internal quotation marks omitted). Bad faith includes collusion between buyer and seller or otherwise taking unfair advantage of other potential purchasers, such as a collusive insider transaction. *Id.*; *see also In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987).

The Agreement was negotiated in good faith and at arms' length between the Trustee and Debtor. *See* Marshack Decl., ¶19. The parties negotiated through several counteroffers in an effort to maximize the benefit to the Estate and unsecured creditors while minimizing expense to the Estate and Mr. Ortiz. *Id.* The Trustee has no relationship with Mr. Ortiz outside of this bankruptcy case, there was no fraud or collusion present during negotiations, and Mr. Ortiz did not receive special treatment or consideration. *Id.*, ¶20.

/ / /

TRUSTEE'S MOTION TO APPROVE COMPROMISE
4888-4845-1331-1015-143

1  Accordingly, because there is sound business judgment behind the Agreement, there has been

2  accurate and reasonable notice, the price is adequate, and the Agreement has been entered into in

3  good faith, there is legal authority for this Court to approve the Agreement and authorize the Trustee

4  to enter into the Agreement to sell the Estate's interest in the Property.

5  **4.    Approval of Compromise Legal Authority**

6  The court has authority to decide whether to approve a settlement entered into by a

7  bankruptcy Trustee. Notice must be given to all creditors, the United States Trustee, the debtor, and

8  indenture trustees as provided in FRBP 2002, and to any other entity as the court may direct. *See*

9  FRBP 9019(a).

10  It is well established that a compromise should be approved if it is "in the best interest of the

11  estate . . . and is fair and equitable for creditors." *Schmitt v. Ulrich (In re Schmitt)*, 215 B.R. 417, 424

12  (B.A.P. 9th Cir. 1997); *ATKN Company v. Guy F. Atkinson Company of California (In re Guy F.*

13  *Atkinson Company*), 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a

14  settlement turns on the question of whether the compromise is in the best interest of the estate.").

15  The standards to be applied to the approval of the settlement include: (1) The probability of success

16  of the litigation on its merits; (2) The difficulties in collection on a judgment; (3) The complexity of

17  the litigation involved; and (4) The expense, inconvenience or delay occasioned by the litigations,

18  and the interest of creditors. *In re A&C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert.,*

19  *den., Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189 (1989).

20  Although the court is to consider the range of results in the litigation, "the court's assessment

21  does not require resolution of the issues, but only their identification, so that the reasonableness of

22  the settlement may be evaluated." *In re Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

23  Moreover, it is not the bankruptcy court's responsibility to decide the numerous questions of law and

24  fact with respect to the merits of the litigation, but rather to "canvass" the issues and see whether the

25  settlement falls below the lowest range of reasonableness. *In re Heissinger Resources, Ltd.*, 67 B.R.

26  378, 383 (C.D. Ill. 1986).

27

28

TRUSTEE'S MOTION TO APPROVE COMPROMISE

4888-4845-1331-1015-143

## A. Analysis Under the A&C Factors

Currently, there is a dispute between Debtor and Trustee as to the extent of the Estate's interest in the Property.

It is the Estate's position is that because the (a) Property is co-owned by Debtor and Mr. Ortiz, (b) partition in kind of the Property among the co-owners is impracticable; (b) sale of the Estate's interest would realize significantly less for the Estate than a sale of the Property free and clear of the interests of Mr. Ortiz and any other alleged co-owner; and (c) the Property is not used in the production, transmission, or distribution, for sale, or electric energy or of natural or synthetic gas for heat, light, or power, that the Property may be sold – pursuant to 11 U.S.C. §363(h) - for the benefit of Debtor's creditors. Mr. Ortiz disputes the Estate's position.

Specifically, it is Mr. Ortiz's position that:

(a)  he owned the property seven years prior to meeting Debtor;

(b)  Debtor was added on title solely for refinance purposes in March 2017;

(c)  At the time of the re-fi Debtor was given $20,000 to pay off her debts from the re-fi funds;

(d)  Debtor moved out in 2019; and

(e)  Mr. Ortiz continued to pay the mortgage, property tax, insurance and upkeep.

Although, Trustee believes in the merits of the Estate's position (i.e. the entirety of the Property may be sold), there are risks in litigation as outlined above. Yet, under the Agreement, the Trustee minimizes the fees and costs associated with liquidating the Property, continued prosecution of the Complaint, avoids further accrual of interests on the Mortgage pending sale efforts and avoids delay in the administration of the Estate. The Trustee simply cannot forecast whether the Estate would be successful in any litigation with Mr. Ortiz. Thus, the probability of success factor favors in approving the compromise embodied in the Agreement. Moreover, if the Estate continues litigation, it will involve factual issues relating to the extent of Debtor's interest in the Property insofar as Debtor retaining a beneficial interest in the Property when she moved out in 2019. While collections on any judgment may not be moot - as any judgment will concern

TRUSTEE'S MOTION TO APPROVE COMPROMISE
4888-4845-1331-1015-143

1  declaratory relief as to either title to/classification of Property - the equity in the Property may

2  erode should Mr. Ortiz stop making payments on the Mortgage. Moreover, there is no guarantee

3  that after incurring the expenses, inconvenience and delay caused by litigation with Mr. Ortiz that

4  the creditors would fare better than what is currently embodied in the Agreement.

5      Indeed, the Trustee submits that the Compromise is in the best interest of the Estate and

6  would save significant administrative expenses that would be incurred by (a) sale of the Property

7  to a third party and (b) continued litigation with Mr. Ortiz. This factor favors in approving the

8  compromise embodied in the Agreement. In sum, the Trustee believes that the Agreement is in the

9  best interest of the Estate and should be approved by this Court.

10 **5.    Waiver of the 14 Day Period for Effectiveness of Sale Order**

11      Rule 6004(h) of the Federal Rules of Bankruptcy Procedure ("FRBP") provides: "An order

12 authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration

13 of 14 days after entry of the order, unless the court orders otherwise." FRBP 6004(h). The legislative

14 history provides:

15              The court may, in its discretion, order that Rule 6004(g) [now 6004(h)]
               is not applicable so that the property may be used, sold, or leased
16             immediately in accordance with the order entered by the court.
               Alternatively, the court may order that the stay under Rule 6004(g)
17             [now 6004(h)] is for a fixed period less than 10 [now 14] days.

18      Given the notice and full opportunity to object and respond to this Motion, the Trustee

19 believes that, unless there are objections to the Motion that are not consensually resolved, it is

20 appropriate and good cause exists for the Court to order that 6004(h) is not applicable and the

21 Property may be sold immediately. Accordingly, the Trustee requests that the Court order that the

22 sale may be effectuated immediately upon entry of the Order approving this Motion and authorizing

23 the sale of the equity in the Property.

24 / / /

25 / / /

26 / / /

27 / / /

28

TRUSTEE'S MOTION TO APPROVE COMPROMISE
4888-4845-1331-1015-143

1

## 6.    Conclusion

2    For all the foregoing reasons, Trustee requests that the Court enter an Order:

3    1.    Granting the Motion;

4    2.    Approving the Agreement attached as **Exhibit 1**;

5    3.    Authorizing Trustee to do what is necessary to effectuate the Agreement to sell the

6    Estate's interest in the Property, including, but not limited to executing the Agreement;

7    4.    The Compromise is approved pursuant to FRBP 9019; and

8    5.    For such other and further relief as the Court deems just and proper.

9    Dated: November 30, 2021                    MARSHACK HAYS LLP

10                                By: _/s/ Laila Masud_
                                       D. EDWARD HAYS
11                                     LAILA MASUD
                                       Attorneys for Chapter 7 Trustee,
12                                     RICHARD A. MARSHACK

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRUSTEE'S MOTION TO APPROVE COMPROMISE
4888-4845-1331-1015-143

# Declaration of Richard A. Marshack

I, RICHARD A. MARSHACK, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge.

2.      I am the Chapter 7 Trustee of the Bankruptcy Estate of Melissa Shores ("Debtor"). I have personal knowledge of the facts set forth herein, and if called upon to do so, could and would competently testify to those facts.

3.      I make this Declaration in support of my Motion for Order Approving Compromise ("Motion"). All terms not defined herein are used as they are defined in the Motion.

4.      I have reviewed the court's PACER docket and the files contained therein for this case.

5.      A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

6.      On or about March 31, 2017, Debtor and Mr. Ortiz each acquired an undivided interest in certain real property located at 9816 Bradwell Avenue, Santa Fe Springs, California 90670 ("Property"). Title to the Property is held in the name of Debtor and Mr. Ortiz as joint tenants pursuant to a Grant Deed recorded on April 17, 2017, in the Los Angeles County Recorder's Office as instrument no. 20170415708 ("Grant Deed").  A true and correct copy of the grant deed is attached as Exhibit **"2."**

7.      On February 17, 2021, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 the United States Code, commencing Case No. 8:21-bk-10398-MW.

8.      As set forth in Debtor's Schedule C, she has claimed an exemption in the Property in the amount of $15,000 pursuant to C.C.P. § 703.140(b)(5).

9.      As set forth in Debtor's Schedule D, the Property is subject to a deed of trust held by Wells Fargo Home Mortgage securing a claim in the amount of $320,392.51. I am informed by my agents that the last known balance as of June 2021 on the mortgage was $341,433.99 with daily interest accruing at $40.6000 a day.

10.    After consulting with my real estate agents, I believed that the Property was worth at least $575,000-$600,000.

11.    Based on the above facts, I believed there may be equity in the Property that could be administrated for the benefit of unsecured creditors in the approximate amount of $57,000.

12.    Accordingly, on June 9, 2021, I caused to be filed a Complaint against Mr. Ortiz and other interested parties for: (1) Sale of Co-Owned Real Property [11 U.S.C. § 363(H)]; and (2) Turnover of Real Property [11 U.S.C. § 542(a)] ("Complaint"). A copy of the Complaint is attached as **Exhibit "3."**

13.    On June 10, 2021, Mr. Ortiz along with other interested parties were served with the Complaint.

14.    Subject to Court approval, Mr. Ortiz has offered to purchase the Estate's interest in the equity in the Property for a lump sum payment of $67,500 ("Purchase Price"), I am informed that the source of the Purchase Price/Settlement Amount is a loan secured by the Property (i.e. potential refinance). As such, this Agreement is contingent upon the loan funding the Settlement Amount to me on behalf of the Estate for which an escrow will be opened. This Agreement shall have no effect if the Settlement Amount is not paid to the Estate.

15.    The net proceeds of $67,500 are sufficient to pay all allowed administrative expenses and to make a meaningful distribution to holders of general unsecured claims.

16.    The proposed sale of the Estate's interest in the Property through the Agreement is a sound business decision because it minimizes the fees and costs associated with liquidating the Property, and will generate significant cash proceeds for the Estate.

17.    In my business judgment, based on the above, the proposed Agreement is in the best interests of the Estate and will maximize the value of the equity in the Property for the benefit of unsecured creditors.

18.    The Purchase Price is sufficient to make meaningful pro rata distributions to general unsecured creditors and, at the same time, minimizes the fees and costs associated liquidation of the Property.

/ / /

TRUSTEE'S MOTION TO APPROVE COMPROMISE

19.    The Agreement was negotiated in good faith and at arms' length between myself, my counsel, and counsel for the Mr. Ortiz. Mr. Ortiz and I negotiated through several counteroffers, through our respective counsel, in an effort to maximize the benefit to the Estate and unsecured creditors while minimizing expense to the Estate and Mr. Ortiz.

20.    I have no relationship with the Debtor nor Mr. Ortiz outside of this bankruptcy case, and. there was no fraud nor collusion present during negotiations. Further, Mr. Ortiz did not receive special treatment or consideration.

21.    The proposed compromise will save significant administrative expenses that would be incurred by selling the Property to a third-party buyer.

22.    In evaluating the proposed compromise, my counsel and I have taken into account the (1) probability of success of the litigation on its merits; (2) difficulties in collection on a judgment; (3) complexity of the litigation involved; and (4) expense, inconvenience or delay occasioned by the litigations, and the interest of creditors., as well as (5) interests of creditors of the Estate. I have determined that under the Agreement, by minimizing the fees and costs associated with liquidating the Property, avoiding further accrual of interests on the Mortgage pending sale efforts, avoiding continued litigation of the Complaint – including a potential adverse judgment- and avoiding delay in the administration of the Estate is in the best interest of creditors.

23.    I have evaluated the proposed compromise and in my business judgment and experience as a Trustee, I believe that the Agreement is fair and reasonable and in the best interests of the Estate and the creditors of the Debtor.


I declare under penalty of perjury that the foregoing is true and correct. Executed on November 20, 2021.

RICHARD A. MARSHACK

TRUSTEE'S MOTION TO APPROVE COMPROMISE

Exhibit "1"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between RICHARD A. MARSHACK ("Plaintiff" or "Trustee"), in his capacity as the duly-appointed and acting Chapter 7 Trustee for the Bankruptcy Estate ("Estate") of MELISSA SHORES ("Debtor") pending in the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *In re: Melissa Shores,* Bankruptcy Case No.: 8:21-bk-10398 ("Bankruptcy Case"), and related Adversary Case entitled, *Richard A. Marshack, Chapter 7 Trustee v. Joe Ortiz, et al.,* Adversary Case No.: 8:21-ap-01032 ("Adversary Case"), on the one hand, and co-owner of property located at 9816 Bradwell Avenue, Santa Fe Springs, California 90670, Joe Ortiz ("Defendant" and/or "Mr. Ortiz") on the other hand (collectively, "Plaintiff and/or "Trustee" and "Defendant" and/or "Mr. Ortiz" are referred to as the "Parties"), Plaintiff and Defendant may also be referred to herein individually as a "Party."

## RECITALS

A.    On or about March 31, 2017, Debtor and Mr. Ortiz each acquired an undivided interest in certain real property located at 9816 Bradwell Avenue, Santa Fe Springs, California 90670 ("Property").

B.    On February 17, 2021, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 the United States Code, commencing Case No. 8:21-bk-10398-MW.

C.    Title to the Property is held in the name of Debtor and Mr. Ortiz as joint tenants pursuant to a Grant Deed recorded on April 17, 2017, in the Los Angeles County Recorder's Office as instrument no. 20170415708 ("Grant Deed").[1]

D.    Plaintiff alleges that the Property is worth at least $575,000-$600,000.

E.    As set forth in Debtor's Schedule C, she has claimed an exemption in the Property in the amount of $15,000 pursuant to C.C.P. § 703.140(b)(5).

F.    As set forth in Debtor's Schedule D, the Property is subject to a deed of trust held by Wells Fargo Home Mortgage securing a claim in the amount of $320,392.51.

G.    Based on the above facts, Trustee believes there may be equity in the Property that can be administrated for the benefit of unsecured creditors.

H.    On June 9, 2021, Trustee filed a Complaint against Defendant and other interested parties for: (1) Sale of Co-Owned Real Property [11 U.S.C. § 363(H)]; and (2) Turnover of Real Property [11 U.S.C. § 542(a)] ("Complaint").[2]

I.    On June 10, 2021, Mr. Ortiz along with other interested parties were served with the Complaint.

---

[1] A copy of the Grant Deed is attached hereto as Exhibit 1 and incorporated by reference.

[2] *See*, Case No. 8:21-ap-01032 ("Adversary Case").

J.      The Parties desire to avoid the expense, inconvenience, and uncertainties of further litigation and, therefore, desire to settle and compromise their differences and enter into this Agreement to formally memorialize the terms of the settlement as set forth below. Specifically, the Trustee wishes to sell the Estate's interest in the Property to Mr. Ortiz on the terms set forth herein.

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing recitals, the mutual understandings contained in this Agreement, and other good, valuable, and sufficient consideration, the Parties hereto agree as follows:

1.      Incorporation of Recitals. The Recitals are incorporated into this Agreement as though fully set forth herein.

2.      Settlement Payment after Court Approval.

2.1     Approval of Agreement. This Agreement is subject to the approval of the United States Bankruptcy Court for the Central District of California (Santa Ana Division) ("Bankruptcy Court") in the Bankruptcy Case, and the Bankruptcy Court authorizing the Trustee to take any and all actions necessary hereunder. The Parties agree to cooperate and make all reasonable efforts to obtain Bankruptcy Court approval. Within ten (10) court days of the Effective Date, the Trustee shall move the Bankruptcy Court for approval of this Agreement pursuant to FRBP 9019 ("Compromise Motion").

2.2     Settlement Payment. As consideration specified in this Agreement, Trustee and Defendant have agreed to settle the disputes between for a total amount of $67,500 ("Settlement Amount"). Specifically, Trustee seeks to sell and Mr. Ortiz seeks to purchase the Estate's interest in the Property which will resolve the Complaint that seeks turnover of the Property for sale. Payment of the Settlement Amount shall be made payable to the Trustee in the form of a check or cashier's check payable to "Richard A. Marshack, Chapter 7 Trustee for the Bankruptcy Estate of Melissa Shores." Trustee is informed that the source of the Settlement Amount is a loan secured by the Property (i.e. potential refinance). As such, this Agreement is contingent upon the loan funding the Settlement Amount to the Trustee for which an escrow will be opened. This Agreement shall have no effect if the Settlement Amount is not paid to the Trustee.

2.3     Costs of Sale. Mr Ortiz shall be responsible for any and all recording costs and documentary transfer tax. The Estate shall be responsible for any income tax and capital gain tax incurred because of the sale. Each Party shall bear their own attorneys' fees and costs;

2.4     Execution of Additional Documents. The Parties agree that they will execute any and all further and additional documents and take all further and additional steps, which may be necessary or convenient to consummate the terms of this Agreement and accomplish the purposes thereof, including but not limited to executing any documents necessary to facilitate a re-finance of the Property;

2.5     Transfer of Title. Trustee shall deliver, in trust, to escrow a quitclaim deed ("Deed") which conveys to Mr. Ortiz all of the Estate's right, title, and interest in the Property. Upon

Exhibit "1"
Page 16

Trustee's timely receipt of the full Purchase Price, the Deed shall be recorded. Title shall not pass unless and until the full Settlement Price is timely received by the Trustee, and Mr. Ortiz is not otherwise in default of.

3.    Releases.

3.1    Limited Mutual Release. Except for the rights and obligations of the Parties arising out of this Agreement, all Parties hereby release, acquit, and forever discharge each other as well as their respective past and present directors, officers, shareholders, subsidiaries, parents, affiliates, divisions, agents, servants, employees, attorneys, insurers, representatives, assigns, successors (whether by merger, consolidation or operation of law) and predecessors in interest, including without limitation Defendant, from any and all past, present and future claims of every kind, type and description, known or unknown, direct or consequential, foreseen or unforeseen, which have been, could have been, or may be asserted by and between the Parties with regard to the Sale of Co-Owned Real Property [11 U.S.C. § 363(h)]; and (2) Turnover of Real Property and the (3) facts in the Complaint. To the extent Mr. Ortiz has right to file claim against the Estate he expressly and irrevocably waives such right. In other words, Mr. Ortiz agrees that he waives any right to a distribution from the Estate and will not file any proof of claim seeking a distribution.

4.    Dismissal of the Adversary Case. Upon the Bankruptcy Court's approval of this SAR, and by no later than five (5) court days thereafter, Plaintiff shall promptly dismiss the Adversary Case with prejudice. If Plaintiff fails to do so, Defendants are authorized to move the Court for dismissal with prejudice of the Adversary Case pursuant to the terms of this Agreement.

5.    Representation and Warranty. The undersigned individual on behalf of Defendant hereby represents, covenants, and warrants that s/he is authorized to enter into and execute this Agreement. The Trustee represents and warrants that he is the duly appointed and acting Chapter 7 Trustee, and, subject to Bankruptcy Court approval, is authorized to enter into and execute this Agreement.

6.    No Admission of Liability. The Parties understand and agree that this Agreement is not to be construed as an admission of liability whatsoever on the part of any of them, and that the release is made solely for the purpose of avoiding the burden and expense which would be imposed upon the Parties through litigation.

7.    Consultation with Legal Counsel. The Parties represent that they have consulted legal counsel prior to the execution of this Agreement and have executed this Agreement with full knowledge of its meaning and effect.

8.    Execution of Terms of Agreement. The Parties agree to perform any acts and execute any documents consistent with the terms and conditions of this Agreement which may be reasonably necessary or appropriate to effectuate the terms, conditions and provisions hereof.

9.    Attorneys' Fees Incurred in Resolving the Dispute. Except for the enforcement of this Agreement in the event of a breach, the Parties, each of them, agree that they will each bear their own attorneys' fees, costs and expenses, including expert and consultant fees, incurred in connection with the Bankruptcy Case, Adversary Case, and this Agreement, and the Parties

will not seek attorneys' fees, costs or expenses, including expert and consultant fees, incurred in connection with this Agreement from the countersigning Party.

10.    Drafting of Agreement. This Agreement shall not be construed in favor of, or against, any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Agreement.

11.    Agreement Binding on Successors. This Agreement, together with the limited release, upon approval by the Bankruptcy Court, shall be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors-in-interest and assigns of the respective Parties hereto.

12.    Entire Agreement. This Agreement embodies the entire understanding and agreement between the Parties pertaining to the matters described herein and supersedes and cancels all prior oral or written agreements between the Parties. Each Party acknowledges that no Party, agent or representative of the other Party has made any promise, representation or warranty, express or implied, not expressly contained in this Agreement, that induced the other Party to sign this document. No modification of this Agreement shall be valid unless agreed to in writing by the Parties.

13.    Counterparts. This Agreement may be executed in separate counterparts, the whole of which shall constitute a binding agreement. Email/PDF/DocuSign signatures, when received, shall have the same force and effect as original signatures for all purposes. A copy, including an electronic copy, of the fully executed Agreement shall be deemed to have the same force and effect as the original.

14.    Severability. In the event that any provision or any part of any provision of this Agreement shall be void or unenforceable for any reason whatsoever, then such provision shall be stricken and of no force and effect. The remaining provisions of this Agreement, however, shall continue in full force and effect, and to the extent required, shall be modified to preserve their validity.

15.    Governing Law. This Agreement shall be governed by the laws of the State of California. In the event of a dispute regarding the terms of this Agreement, the venue to resolve such dispute shall be the United States Bankruptcy Court for the Central District of California.

16.    Trustee's Capacity. The Trustee is signing this Agreement solely in his capacity as the Chapter 7 Trustee for the Estate. Nothing contained herein shall in any way impute liability to Richard A. Marshack individually, or anyone acting on his behalf, including his attorneys' Marshack Hays LLP, accountants, staff, brokers, or agents.

17.    Amendments. Any amendment, modification, alteration, or other change to this Agreement must be in writing, signed by the duly authorized representatives of all Parties, and must expressly state the intent of the Parties to amend, modify, or otherwise change this Agreement. Nothing else, including, but not limited to, detrimental reliance, estoppel, oral representations or any promises whatsoever shall modify, amend, or alter this Settlement Agreement.

Exhibit "1"
Page 18

WHEREFORE, the undersigned having read the foregoing Settlement Agreement and Release, and fully understanding it, agree to its terms, and hereby execute this Agreement and make it effective on the date of the last signature hereto.

IN WITNESS WHEREOF, the Parties execute this Agreement as of the day and year indicated on the signature blocks below.

DATED: November 30 , 2021

By: _____
RICHARD A. MARSHACK, Chapter 7 Trustee
for the bankruptcy estate of Melissa Shores

DATED: November 4 , 2021

By: _____
JOE ORTIZ, an individual

APPROVED AS TO FORM:

MARSHACK HAYS LLP

By: _____
D. EDWARD HAYS
LAILA MASUD
Attorneys for RICHARD A. MARSHACK,
Chapter 7 Trustee for the bankruptcy estate of
MELISSA SHORES

BOROWITZ & CLARK LLP

By: _____
BARRY BOROWITZ
Attorneys for Defendant, JOE ORTIZ

Exhibit "2"




**This page is part of your document - DO NOT DISCARD**



## 20170415708

**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**04/14/17 AT 08:00AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |





**L E A D S H E E T**



201704140210028

00013596171



008267618

**SEQ:**
**01**

SECURE - 8:00AM





**THIS FORM IS NOT TO BE DUPLICATED**

E34-FF2137

Exhibit "2"
Page 20

3

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL TO:**
Joe R. Ortiz
9816 Bradwell Avenue
Santa Fe Springs, CA 90670

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 8006-021-023                                          File No.: 11060-232137 **(SSC)**

✗ "This is a bonafide gift and the grantor
Received nothing in return, R&T 11911"

# GRANT DEED

✗

THE UNDERSIGNED GRANTOR(s) DECLARE(s) THAT DOCUMENTARY TRANSFER TAX IS: COUNTY $0.00 & CITY $0.00

[ ]    computed on full value of property conveyed, or
[ ]    computed on full value less value of liens or encumbrances remaining at time of sale,
[ ]    unincorporated area;  [ X ]  City of Santa Fe Springs, and
[ X ]  Exempt from transfer tax; Reason: "This conveyance changes the manner in which title is held, grantor(s) and grantee(s) remain the same continue to hold the same proportionate interest, R & T 11911."

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**Joe R. Ortiz, an unmarried man**

hereby GRANT(s) to **Joe R. Ortiz, an unmarried man and Melissa L. Shores , an unmarried woman as joint tenants**

the following described property in the City of **Santa Fe Springs**, County of **Los Angeles** State of **California**;

FOR LEGAL DESCRIPTION, SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Document Date: March 31, 2017

_____        _____
Joe R. Ortiz

Mail Tax Statements To:  **SAME AS ABOVE**
--------------------------------------------------------------------------------------------------

Exhibit "2"
Page 21

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _California_ )SS
COUNTY OF _Los Angeles_ )

On _April 3, 2017_ , before me, _Linda J. Ortega, Notary Public_, Notary Public, personally appeared _Joe R. Ortiz_
_____ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature
_Lindag. Ortega, Notary Public_

This area for official notarial seal

LINDA J. ORTEGA
COMM. # 2032369
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Exp. July 31, 2017

Exhibit "2"
Page 22

## EXHIBIT "A "

**LOT 653 OF TRACT NO. 16194, IN THE CITY OF SANTA FE SPRINGS, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 370 PAGES 14 TO 26 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**A.P.N. 8006-021-023**

Exhibit "3"

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MELISSA SHORES,<br><br>     Debtor. | Case No. 8:21-bk-10398-MW<br><br>Chapter 7<br><br>Adv. No. _____ |
| RICHARD A. MARSHACK, Chapter 7 Trustee,<br><br>     Plaintiff,<br><br>v.<br><br>JOE ORTIZ, an individual, ANNIE GARCIA, an individual, ISAAC ORTIZ, an individual, ASHLEY ORTIZ, an individual, and JAMES JALASIO, an individual.<br><br>     Defendants. | COMPLAINT FOR:<br>  (1) SALE OF CO-OWNED REAL<br>      PROPERTY [11 U.S.C. § 363(h)]; AND<br>  (2) TURNOVER OF REAL PROPERTY<br>      [11 U.S.C. § 542(a)]<br><br>[Status Conference to be set by Court] |

     RICHARD A. MARSHACK, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy

estate ("Estate") of Melissa Shores ("Debtor"), alleges as follows:

/ / /

/ / /

/ / /

1

COMPLAINT FOR SALE OF JOINTLY OWNED PROPERTY AND TURNOVER OF PROPERTY

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| RICHARD A. MARSHACK, Chapter 7 Trustee, | JOE ORTIZ, an individual, ANNIE GARCIA, an individual, ISAAC ORTIZ, an individual, ASHLEY ORTIZ, an individual, and JAMES JALASIO, an individual. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| MARSHACK HAYS, LLP - 870 Roosevelt, Irvine, CA 92620; Tel. (949) 333-7777 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: (1) SALE OF CO-OWNED REAL PROPERTY [11 U.S.C. §363(H)]; AND TURNOVER OF REAL PROPERTY [11 U.S.C. §542(A)]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[1] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

Case 8:21-bk-10398-MW    Doc 29    Filed 11/30/21    Entered 11/30/21 19:07:07    Desc
Main Document    Page 33 of 39

Case 8:21-ap-01032-MW    Doc 1-1    Filed 06/09/21    Entered 06/09/21 18:54:20    Desc
Adversary Proceeding Cover Sheet    Page 2 of 2

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MELISSA SHORES | BANKRUPTCY CASE NO.<br>8:21-bk-10398-MW | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Mark S. Wallace |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br>/s/ D. EDWARD HAYS | | |
| DATE<br><br>06/09/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>D. EDWARD HAYS | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## Statement of Jurisdiction and Venue

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *In re Melissa Shores*, Bankruptcy Case Number 8:21-bk-10398-MW.

2.      Plaintiff, as the Chapter 7 Trustee of the Debtor's bankruptcy estate, has standing to bring this action pursuant to 11 U.S.C. § 323.

3.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (M), (N), and (O). This Court has constitutional authority to enter a final judgment on these claims. To the extent any claim for relief is determined not to be a core proceeding or is a *Stern*-claim, Plaintiff consents to entry of final judgments and orders by the Bankruptcy Court.

4.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. §§ 1408 and 1409.

## Parties

5.      Plaintiff, Richard A. Marshack, brings this action in his capacity as the duly-appointed, qualified, and acting Chapter 7 Trustee for Debtor's bankruptcy estate under 11 U.S.C. § 702.

6.      Plaintiff alleges that at all relevant times Defendant, Joe Ortiz ("Mr. Ortiz" or "Defendant"), is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California.

7.      Plaintiff alleges that at all relevant times Defendant, Annie Garcia ("Annie"), is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California.

8.      Plaintiff alleges that at all relevant times Defendant, Isaac Ortiz ("Isaac"), is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California.

9.      Plaintiff alleges that at all relevant times Defendant, Ashley Ortiz ("Ashley"), is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California.

10.     Plaintiff alleges that at all relevant times Defendant, James Jalasio ("James"), is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California.

## General Allegations

11.    On February 17, 2021, Melissa Shores filed a voluntary petition for relief under Chapter 7 of Title 11 the United States Code, commencing Case No. 8:21-bk-10398-MW.

12.    On or about March 31, 2017, Debtor and Mr. Ortiz each acquired an undivided interest in certain real property located at 9816 Bradwell Avenue, Santa Fe Springs, California 90670 ("Property").

13.    Plaintiff alleges that title to the Property is held by Debtor and Mr. Ortiz as Tenants-in-Common.

14.    Plaintiff alleges that the Property is worth at least $575,000-$600,000.

15.    As set forth in Debtor's Schedule C, she claimed an exemption in the Property in the amount of $15,000 pursuant to C.C.P. § 703.140(b)(5).

16.    As set forth in Debtor's Schedule D, the Property is subject to a deed of trust held by Wells Fargo Home Mortgage securing a claim in the amount of $320,392.51.

## First Claim for Relief

Sale of Co-Owned Property

[11 U.S.C. §363(h)]

17.    Plaintiff incorporates by reference Paragraphs 1 through 16 and realleges these paragraphs as though set forth in full.

18.    Some or all of the Property constitutes property of the Estate.

19.    Plaintiff alleges that Mr. Ortiz also appears on title to the Property as a co-owner.

20.    Plaintiff alleges that the he is entitled to compel the sale of the Property in that:

   a.    Partition in kind of the Property among the co-owners is impracticable;

   b.    Sale of the Bankruptcy Estate's interest would realize significantly less for the Estate than a sale of the Property free and clear of the interests of Mr. Ortiz and any other alleged co-owner;

   c.    The Property is not used in the production, transmission, or distribution, for sale, or electric energy or of natural or synthetic gas for heat, light, or power.

3

COMPLAINT FOR SALE OF JOINTLY OWNED PROPERTY AND TURNOVER OF PROPERTY

1    21.    The Trustee is entitled to sell the Property outside the ordinary course of business for

2  the benefit of the Estate.

3                                   **Second Claim for Relief**

4                                 Turnover of Property of the Estate

5                                   [11 U.S.C. § 542(a)]

6    22.    Plaintiff incorporates by reference Paragraphs 1 through 16 and realleges these

7  paragraphs as though set forth in full.

8    23.    During a bankruptcy case, any person in possession, custody, or control of property that

9  a trustee may use, sell, or lease is required to deliver such property to the trustee and account for such

10  property or the value of such property pursuant to 11 U.S.C. § 542(a).

11    24.    In order for Trustee to be able to sell the Property, or the Estate's interest in the

12  Property, he must be able to provide a buyer with possession.

13    25.    Trustee is entitled to judgment compelling all occupants, including Defendants, to

14  turnover possession of the Property so that he may administer it.

15                                          **Prayer**

16    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

17                                   **First Claim for Relief**

18    1.    For entry of judgment granting Trustee authorization to sell the entire Property

19  including the interests of any co-owners, and to execute all documents necessary to effectuate such a

20  sale;

21    2.    For judgment authorizing Trustee to distribute to the proceeds of sale to pay all costs

22  and expenses, not including any compensation of the trustee, according to the interests of the Estate

23  and any co-owners; and

24                                   **Second Claim for Relief**

25    3.    For entry of judgment compelling all Defendants to turn over possession of the

26  Property to the Trustee; and

27    4.    For entry of judgment authorizing Trustee to take possession of the Property and

28  dispose of all personal property left on the premises;

---

4

COMPLAINT FOR SALE OF JOINTLY OWNED PROPERTY AND TURNOVER OF PROPERTY

1        5.      For judgment authorizing the United States Marshal Service to use all reasonable force

2   necessary to remove all occupants should they not timely vacate the Property;

3                        **For All Claims for Relief**

4        6.      For costs of suit incurred, including attorneys' fees as provided by applicable case law,

5   statute, or agreement of the parties; and

6        7.      For such other and further relief as the Court deems just and proper.

Dated: June 9, 2021                MARSHACK HAYS LLP

/s/ D. Edward Hays

By:_____
       D. EDWARD HAYS
       LAILA MASUD
       Attorneys for Chapter 7 Trustee,
       RICHARD A. MARSHACK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled: **TRUSTEE'S MOTION TO APPROVE COMPROMISE; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD A. MARSHACK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 30, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **November 30, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR**
MELISSA SHORES
1930 SAINT JOHN ROAD, UNIT 29G
SEAL BEACH, CA 90740

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 30, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>**VIA PERSONAL DELIVERY:**</u>
**PRESIDING JUDGE'S COPY**
HONORABLE MARK S. WALLACE
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 6135 / COURTROOM 6C
SANTA ANA, CA 92701-4593

<u>**VIA EMAIL:**</u>
**COUNSEL FOR DEFENDANT JOE R ORTIZ**, BARRY BOROWITZ, BEB@BLCLAW.COM

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 30, 2021 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **TRUSTEE RICHARD A MARSHACK (TR):** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com; ecf.alert+Marshack@titlexi.com
   - **ATTORNEY FOR TRUSTEE RICHARD A MARSHACK (TR):** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEBTOR MELISSA SHORES:** Thomas J Polis tom@polis-law.com, paralegal@polis-law.com; r59042@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE (SA):** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY UNITED STATES MAIL**: CONTINUED:

| SECURED CREDITOR | INTERESTED PARTY | INTERESTED PARTY |
| --- | --- | --- |
| WELLS FARGO HOME MORTGAGE ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE PO BOX 10335 DES MOINES, IA 50306 | JOE R. ORTIZ 9816 BRADWELL AVENUE SANTA FE SPRINGS, CA 90670 | ANNIE GARCIA 9816 BRADWELL AVENUE SANTA FE SPRINGS, CA 90670 |
| INTERESTED PARTY ISAAC ORTIZ 9816 BRADWELL AVENUE SANTA FE SPRINGS, CA 90670 | INTERESTED PARTY ASHLEY ORTIZ 9816 BRADWELL AVENUE SANTA FE SPRINGS, CA 90670 | INTERESTED PARTY JAMES JALASIO 9816 BRADWELL AVENUE SANTA FE SPRINGS, CA 90670 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**